**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 21-cr-664 (APM) |
| | : | |
| v. | : | |
| | : | |
| **NATHANIAL SCRUGGS,** | : | |
| Defendant. | : | |

### UNITED STATES' MOTION FOR LEAVE AND MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests the Court grant it leave to file the following its Memorandum in Aid of Sentencing. The United States apologizes to the Court for filing its sentencing memorandum after the Court's deadline, but it neglected to calendar the correct deadline.

Defendant Nathanial Scruggs pleaded guilty to five counts in the Indictment, each charging him with unlawful distribution of a mixture or substance containing a detectable amount of fentanyl and heroin, in violation of 21 U.S.C. § 841(b)(1)(C). Pursuant to the Plea Agreement and Statement of Offense, Defendant admitted that he distributed at least 24 grams but less than 32 grams of a mixture or substance containing a detectable amount of Fentanyl.

The U.S. Probation Office and the Plea Agreement calculate Defendant's Guidelines at an adjusted offense level of 17 at a Criminal History Category of I for a range of 24-30 months imprisonment. Pursuant to the Plea Agreement, the parties agreed that a sentence within the 24-30 month range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), but the Plea Agreement also allows the defendant to seek a sentence below the Guidelines based on any 3553(a) factors that he may identify at sentencing. Based on the 3553(a)

factors, the Government requests the Court impose a sentence at the high-end of the Guidelines, that is, 30 months imprisonment, followed by a three-year term of supervised release. In support thereof, the government respectfully submits the following:

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant Scruggs has admitted under oath during the plea hearing, as further acknowledged in the signed Statement of Offense, to the following factual background in support of his plea:

1. Starting in May 2021, the Drug Enforcement Agency (DEA), Fairfax County Police Department, and the Federal Bureau of Investigation (FBI), all began working together to target suspected Fentanyl dealers operating in and around Capitol Avenue, in the Ivy City area of Northeast, Washington D.C.

2. Starting on May 12, 2021, undercover agents began purchasing Fentanyl from Defendant Scruggs at the intersection of Providence Street and Capitol Avenue, just down the block from Defendant's home at 1949 Capitol Avenue.

3. Undercover officers purchased Fentanyl from Defendant Scruggs on May 12th (Count One), August 9th (Count Two), August 25th (Count Three), September 1st (Count Four), and September 16th, 2021 (Count Five). The total amount of Fentanyl purchased from Defendant Scruggs during this time was approximately 30 grams of Fentanyl.

4. For purposes of the Plea Agreement, Defendant admits that he is responsible for distributing at least 24 grams but less than 32 grams of a mixture or substance containing a detectable amount of Fentanyl.

On March 9, 2022, the defendant pleaded guilty to Counts 1-5 of the Indictment for distributing fentanyl. Based on the 3553(a) factors, a sentence of 30 months is warranted.

**SENTENCING RECOMMENDATION**

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court. See United States v. Gall, 128 S.Ct. 586 (2007). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities.   18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense

During a five-and-a-half-month period, from May 12th to September 16, 2021, law enforcement purchased approximately 30 grams of a mixture or substance containing fentanyl in five separate undercover transactions from Scruggs.[1] At this point in the opioid epidemic, it is common knowledge that fentanyl kills. According to the DEA, "Fentanyl is a Schedule II controlled substance that is similar to morphine but about 100 times more potent. . . . Because of its potency and low cost, drug dealers have been mixing fentanyl with other drugs including heroin, methamphetamine, and cocaine, increasing the likelihood of a fatal interaction. . . . **Two milligrams of fentanyl can be lethal** depending on a person's body size, tolerance and past usage."[2] According to the CDC, overdose deaths in the United States continue to rise, with more than 80 percent of such deaths attributed to synthetic opioids, primarily fentanyl:[3]

---

[1] During the investigation, law enforcement actually made six undercover purchases from Scruggs, each purchase containing a detectable amount of fentanyl and heroin. However, because Scruggs is pleading guilty to distribution of fentanyl, and Count 6 of the Indictment only charges distribution of heroin, Defendant is not pleading guilty to Count 6 of the Indictment.
[2] https://www.dea.gov/resources/facts-about-fentanyl
[3] https://www.cfr.org/in-brief/us-fentanyl-crisis-what-know

3



While just two milligrams of fentanyl can be fatal, in this case, Defendant Scruggs sold over 30 grams of a mixture or substance containing fentanyl and/or heroin to undercover officers in under a six-month period. The quantities of narcotics escalated in size as the purchases continued, starting from a purchase of 1.44 grams going up to 15 grams on the date of the last purchase. Based on communications between Scruggs and the undercover, as well as pole camera video, and toll analysis for the phone Scruggs was using to communicate with the undercover, Scruggs is a major drug dealer distributing large amounts of dangerous narcotics out of the Ivy City area of Washington D.C. In fact, an analysis of Scrugg's phone number by Fairfax County Police Department reveals that he communicated with at least seven individuals who are directly associated or one-time removed from fatal and non-fatal overdose cases in Fairfax County. Accordingly, there is a high probability that the drugs Scruggs was distributing were causing serious harm inside and outside of the Washington D.C. area. As such, the nature and circumstances of the offenses of conviction weight in favor of a high-end sentence of 30 months incarceration.

History and Characteristics of the Defendant

The defendant's history and characteristics also weigh in favor of a high-end sentence in this case. Defendant is a 37-year old male, with 2 previous drug-related convictions and 7 prior arrests. As evidenced by the PSR, Defendant Scruggs has been involved with narcotics since at least 2008, when he was convicted for possession of cocaine base. Originally, the defendant was sentenced to 1 year probation, but his probation was ultimately revoked, and he received a 90-day sentence of confinement. Then, as recently as 2018, Defendant was convicted for possession of heroin, but received a 45-day sentence, all of which was suspended. Most notably, the conduct surrounding this conviction occurred on the 1900 block of Capitol Avenue (the same area where the UC transactions occurred for the offenses of conviction in this case) and involved the sale of heroin.

Despite these two previous drug convictions,[4] the evidence in this case suggest that Scruggs was actively dealing fentanyl from his residence on Capitol Avenue from May to October 2021. In short, Scruggs has escalated his drug-trafficking activity and has not been deterred by his prior sentences. Clearly, the defendant has not taken the law seriously and a 30-month sentence is necessary to deter him from committing future crimes and endangering the community.

Need for the Sentence Imposed

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a period of incarceration followed by supervision is warranted in this case. The recommended sentence of 30 months of incarceration reflects the seriousness of the offense and will serve to protect the community. This sentence strikes the proper balance between the serious nature of the

---

[4] The United States also notes that three of the defendant's seven arrests involve narcotics, two of which involve distribution, and one of which occurred on Capitol Avenue, the same block where the transactions in the instant offenses took place.

5

defendant's actions and his troublesome criminal history on one hand, but also acknowledges that Defendant has not yet been prosecuted federally nor served substantial prison time as a result of his prior troubles with the law. The government's hope is that, after lenient sentences proved unsuccessful in changing his prior drug-related criminality, a 30-month period of incarceration, followed by three years of supervised release, will finally lead the defendant to change his criminal ways and permanently stay away from the criminal justice system upon his release.

The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and the need for adequate deterrence to criminal conduct. Based upon a consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully asks the Court to impose a sentence of incarceration of 30 months followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

 /s/ David T. Henek
DAVID T. HENEK
Assistant United States Attorney
Violence Reduction and Trafficking Offenses
555 4th Street, N.W.
Washington, D.C. 20530
N.Y. Bar No. 5109111
david.t.henek@usdoj.gov
202-252-7825

CERTIFICATE OF SERVICE

      I hereby certify that on this date, a copy of the foregoing Memorandum (in redacted form) was sent via email to counsel for the defendant.

                                                       /s/ David T. Henek
                                                      DAVID T. HENEK
                                                      Assistant U.S. Attorney